UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

GARY WILLIAMS                                  CIVIL ACTION NO. 09-cv-1241

VERSUS                                         JUDGE HICKS

SAVE-A-LOT, ET AL                              MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

Gary Williams, without representation by an attorney, filed this civil action against Daniel Kennon and Save-A-Lot (a grocery store). The complaint also lists as defendants Save-A-Lot Insurer, Save-A-Lot Security, and Save-A-Lot Security Insurer.

Plaintiff alleges that he was in a Save-A-Lot grocery store in Shreveport when, without warning, Daniel Kennon went on a rampage and struck Plaintiff several times across the back with a cane. An unnamed person identified as "Save-A-Lot store security" allegedly held or restrained Kennon and took him out of the store.

Plaintiff alleges that he attempted to leave the store when, without warning, Kennon rushed or charged into Plaintiff and stabbed him in the stomach with a knife. Kennon was quickly overpowered by Save-A-Lot employees, and the Shreveport Police Department arrested Kennon and took him to jail. Plaintiff was taken by ambulance to the LSU Medical Center, where he underwent emergency surgery.

Plaintiff prays that the court order the defendants to pay compensatory damages of $3,500,000, reimburse all medical expenses, and pay his attorney fees (even though he is

proceeding without counsel). Plaintiff has not paid the filing fee. He has filed a Motion for Leave to Proceed in Forma Pauperis ("IFP").

The court is authorized by 28 U.S.C. § 1915(e)(2) to review IFP complaints and dismiss them if they are frivolous. The court also has a duty to examine the basis for subject matter jurisdiction. Torres v. Southern Peru Copper Corp., 113 F.3d 540, 542 (5th Cir. 1997). If subject matter jurisdiction over the complaint is lacking, dismissal is appropriate for that reason and pursuant to § 1915. Humphries v. Various Federal U.S. INS Employees, 164 F.3d 936, 941 (5th Cir. 1999).[1]

Plaintiff, as the party seeking to invoke the jurisdiction of the federal court, has the burden of alleging facts and otherwise establishing that jurisdiction exists. Aetna v. Hillman, 796 F.2d 770, 775 (5th Cir. 1986). The first paragraph of Plaintiff's complaint is titled "Jurisdiction" and alleges: "This is a civil action authorized by the applicable Code of Civil Procedures." Plaintiff adds that he "seeks deckaratirt (sic) and injunctive and compensatory damages in the amount of $3.5 MILLION dollars."

The only potential grounds on which a federal court might be able to exercise subject-matter jurisdiction over a case of this kind are (1) diversity jurisdiction pursuant to

---

[1] Even if the plaintiff is not proceeding IFP, "a district court may dismiss an action on its own motion under Rule 12(b)(6) as long as the procedure employed is fair." Bazrowx v. Scott, 136 F.3d 1053, 1054 (5th Cir. 1998). The procedure employed here is fair, because this Report and Recommendation provides Plaintiff with sufficient notice of and opportunity to respond to the possible dismissal of his case. See Magouirk v. Phillips, 144 F.3d 348, 359 (5th Cir. 1998) (sua sponte invocation of defense in Report and Recommendation satisfied due process).

28 U.S.C. § 1332 and (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331. Plaintiff's complaint does not make clear which of those, if either, he relies upon. The court has carefully examined the complaint and determined, for the reasons that follow, that this court does not have subject-matter jurisdiction to hear Plaintiff's complaint.

Section 1332 requires complete diversity of citizenship. That means that the citizenship of each defendant must be diverse from that of each plaintiff. A federal court cannot exercise diversity jurisdiction if any plaintiff shares the same state of citizenship as any defendant. Whalen v. Carter, 954 F.2d 1087, 1094 (5th Cir. 1992). Plaintiff alleges that his address is in Shreveport, Louisiana, and he offers no facts to suggest that he is a citizen of a state other than Louisiana. Accordingly, the court may not exercise diversity jurisdiction if any defendant is also a citizen of Louisiana. Plaintiff alleges that defendant Kennon may be served at an address (listed in a related police report) in Sibley, Louisiana. Plaintiff offers no allegations to suggest that Kennon is a citizen of a state other than Louisiana. The complaint does not allege what form of business entity Save-A-Lot might be, but it is alleged to operate in Louisiana. There are no allegations to suggest that it is a citizen of any other state. In any event, the apparent Louisiana citizenship of both Plaintiff and defendant Kennon destroys the potential for diversity jurisdiction.

There is also no apparent basis for the exercise of federal question jurisdiction under Section 1331. The well-pleaded complaint rule determines whether a federal claim is presented in the complaint sufficient to give rise to subject-matter jurisdiction. The rule

requires the complaint to set forth a federally created right or require resolution of a substantial question of federal law. <u>Chuska Energy Co. v. Mobil Exploration & Producing North America, Inc.</u>, 854 F.2d 727, 730 (5th Cir. 1988). There is no federal jurisdiction if the plaintiff pleads only state law causes of action. <u>Gutierrez v. Flores</u>, 543 F.3d 248, 252 (5th Cir. 2008). Plaintiff does not cite any federal laws that would provide him a cause of action under the facts alleged, and the court's review of the complaint does not reveal a basis for any such claim. It appears that all of Plaintiff's claims would fall under state law theories of intentional tort or negligence. Plaintiffs do frequently assert excessive force claims in federal court pursuant to 42 U.S.C. § 1983, but that statute applies only when the defendant (such as a policeman or corrections officer) is acting under color of state law. The complaint suggests that Daniel Kennon and the Save-A-Lot defendants are private citizens rather than government officials or some other form of state actor, so no Section 1983 claim could lie against them. <u>See</u> <u>West v. Atkins</u>, 108 S.Ct. 2250 (1988).

Plaintiff's complaint does not satisfy his obligation of presenting facts that permit this court to exercise subject-matter jurisdiction over his claims. His Motion to Proceed in Forma Pauperis should be granted based on the showing made therein, but the complaint should then be dismissed without prejudice for lack of subject-matter jurisdiction. If Plaintiff wishes to pursue his claims, he will have to do so in a state court that has jurisdiction and is a proper venue.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's **Motion for Leave to Proceed in Forma Pauperis (Doc. 2)** be **granted**.

**IT IS FURTHER RECOMMENDED** that Plaintiff's complaint be **dismissed without prejudice** for lack of subject-matter jurisdiction and pursuant to 28 U.S.C. § 1915(e)(2).

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 31st day of July, 2009.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE